UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNDEN LEWIS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-2009 |
| | § | |
| ADAMS SYSTEMS, LLC, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is defendant Carter Transportation Services, Inc.'s motion for summary judgment on all of the plaintiffs' claims against Carter. Dkt. 12. Upon consideration of the motion, the responses, and other proceedings in the case, the motion is GRANTED.

### I. BACKGROUND

Plaintiffs filed minimum wage, overtime, and invalid tip pool claims under the Fair Labor Standards Act (FLSA) against four defendants: Adams Systems, L.L.C. d/b/a SuperShuttle Houston; SuperShuttle International, Inc.; SuperShuttle Franchise Corporation, and Carter Transportation Services, Inc. Dkt. 1. The plaintiffs, who worked as shuttle drivers at airports and other locations, claim that they were non-exempt employees of the defendants and were therefore entitled to the protections of the FLSA. *Id.* They allege that the defendants misclassified them as independent contractors or franchisees and then required them to pay their own employment-related expenses, resulting in the defendants' paying them less than the minimum hourly wage. *Id.* Plaintiffs further allege that they worked in excess of 40 hours per week without receiving overtime compensation. *Id.* Plaintiffs also claim that the defendants forced them to pay a percentage of their tips from passengers into an invalid tip pool. *Id.* Plaintiffs argue that the tip pool was invalid because the defendants, who are not tipped employees, received a portion of the plaintiffs' tips. *Id.* For these

alleged violations, plaintiffs request monetary damages, liquidated damages to the extent allowed by the FLSA, an injunction against further violations, attorneys' fees, and court costs. *Id.*

Plaintiffs appear to be seeking certification as a class under the FLSA, given their attempts to define a class within their complaint. Dkt. 1. However, no class has been certified at this time, because the plaintiffs have not yet filed a motion for conditional class certification under the FLSA.

Carter is an Austin, Texas, shuttle service owner and a franchisee of defendant SuperShuttle Franchise Corporation. Dkt. 12. Carter provides shuttle services only in the Austin, Texas, area for passengers coming and going from Austin-Bergstrom International Airport. *Id.* Carter argues that it is entitled to summary judgment on all of the plaintiffs' claims, because Carter never hired, worked with, or otherwise employed any of the plaintiffs as shuttle drivers. *Id.* It supports this claim with an affidavit from its president, William Van Carter. *Id.*, Ex. 1. Because Carter never had any kind of employment relationship with the current plaintiffs, it argues that none of the plaintiffs can establish a key element of an FLSA suit – an employer-employee relationship – with respect to Carter. Dkt. 12. Carter does not address the plaintiffs' claims against the other defendants.

In their response to Carter's motion, plaintiffs concede that an employment relationship between the plaintiffs and Carter is an essential element of their FLSA claims. Dkt. 14. Further, plaintiffs admit that none of them provided shuttle services in or around Austin, Texas. *Id.* Nevertheless, plaintiffs state their "belief" that Carter is an employer of the plaintiffs under the FLSA and request that the court allow the parties to conduct further discovery before ruling on Carter's motion. Alternatively, the plaintiffs ask that the court dismiss the claims against Carter without prejudice. Carter responds that there is no reason for Carter to remain as a party while plaintiffs conduct additional discovery; when plaintiffs admitted they had never worked as shuttle drivers in Austin, Texas, they admitted that they never had an employment relationship with Carter. Dkt. 17.

## II. LEGAL STANDARD

*A. Summary Judgment Standard*

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment and no defense to the motion is required. *Id.* "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323-25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a

genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the nonmoving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the nonmovant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Amer. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

*B. Fair Labor Standards Act*

The FLSA requires "employers" to follow certain practices in pay and overtime. 29 U.S.C. § 201 et seq. Under the FLSA, "the term 'employee' means any individual employed by an employer." *Id.* § 203(e)(1). "Employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 207(d).

An employee alleging a violation of the overtime requirement bears the burden of proving the following prima facie case, by a preponderance of the evidence: (1) that there exists an

employer-employee relationship; (2) that there was engagement in activities within the coverage of the FLSA; (3) that the employee worked over forty hours within a workweek without overtime compensation; and (4) a definite amount of compensation is due. *Reyes v. Texas Ezpawn, L.P.*, No. V-03-128, 2007 WL 3143315, at *1 (S.D. Tex. Oct. 24, 2007) (citing *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 892 (E.D. Tex.1997)). Similarly, only "employers" are required to pay "employees" the federal minimum wage. *See* 29 U.S.C. § 206(a). The employer bears the burden of proving the validity of an employee tip pool, but even this requires the defendant to be an "employer"; to be a "tipped employee," one must still be an employee. *Roussell v. Brinker Intern., Inc.*, No. H-05-3733, 2008 WL 2714079, at *5 (S.D. Tex. July 9, 2008); *Bursell v. Tommy's Seafood Steakhouse*, No. H-06-386, 2006 WL 3227334, at *1 (S.D. Tex. Nov. 3, 2006); 29 U.S.C. § 203(t), (m).

### III. ANALYSIS

Carter is correct when it asserts that the plaintiffs must prove they have an employer-employee relationship with the defendant to establish a cause of action under the FLSA. The requirements of the FLSA pertain only to employers and their employees. Carter operates only in the city of Austin, Texas, and provides services only to people in transit to or from Austin-Bergstrom International Airport. Plaintiffs admit that they "never provided shuttle services in or around Austin, Texas." Dkt. 14. The current plaintiffs cannot, therefore, have provided shuttle services for Carter. By their own admissions, plaintiffs cannot establish an employer-employee relationship with Carter. Carter is therefore entitled to summary judgment on all of the plaintiffs' claims.

The court must note, however, that the deadline for joinder of new parties has not yet passed. The plaintiffs have until this deadline to add new plaintiffs to the suit. It is possible that new plaintiffs – who actually did provide shuttle services for Carter in Austin, Texas – may join the suit before the joinder deadline. If, before the deadline for joinder of new parties, new plaintiffs are

added who provided shuttle services for Carter in Austin, Texas, plaintiffs may rejoin Carter as a defendant at that time.

## CONCLUSION

Carter's motion for summary judgment is GRANTED. Plaintiffs may rejoin Carter as a defendant if, before the deadline for joinder of new parties, they add new plaintiffs who actually provided shuttle services for Carter in Austin, Texas.

It is so ORDERED.

Signed at Houston, Texas, on November 6, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY